19 F.3d 20
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America; Ruth Regnerus, Plaintiffs-Appellees,
v.
Calvin FORD; Defendant-Appellant,
Big Truck Center, a Louisiana Corporation, Defendant.
 No. 93-1933.
 United States Court of Appeals, Sixth Circuit.
 March 2, 1994.
 
 Before: KENNEDY and GUY, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Calvin Ford appeals a district court judgment granting summary judgment to the plaintiffs on their complaint filed pursuant to the False Claims Act, 31 U.S.C. Sec. 3729 et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ruth Regnerus originally instituted this qui tam action under 31 U.S.C. Sec. 3730 against Ford, a government contract specialist employed by the United States Army Tank Auto Command, and Big Truck Center, an authorized supplier of vehicular spare parts under two government contracts known as blanket purchase agreements. Thereafter, the United States elected to proceed with this action and filed an amended complaint, alleging violations of the False Claims Act. Specifically, the United States alleged that Ford awarded numerous call orders against the purchase agreements in favor of Big Truck Center when it was not the true low bidder. Further, the United States alleged that when Big Truck Center was the true low bidder Ford caused Big Truck Center to raise its bid to increase profits while remaining the lowest bidder. On September 16, 1992, all claims against Big Truck Center were settled and dismissed by stipulation and order.
 
 
 3
 While the civil case against him was pending, Ford was convicted of three counts of bribery, two counts of wire fraud, and five counts of making false statements; this court affirmed his conviction. United States v. Ford, No. 92-1066, 1993 WL 48851 (6th Cir. Feb. 24, 1993). Specifically, Ford was convicted of accepting bribes from a Big Truck Center employee, of recording false high bids by Big Truck Center's competitors in order to conceal the fact that it was not the low bidder, and of causing Big Truck Center to change its bids to increase profits while remaining the low bidder. Id. at * 1-2. Thereafter, the United States agreed to limit its claims against Ford to civil statutory penalties for each of 79 invoices submitted by Big Truck Center. Upon review of cross-motions for summary judgment, the district court granted summary judgment in favor of the plaintiffs, denied Ford's motion, and dismissed any remaining claims against Ford. Ford has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment to the plaintiffs because there is no genuine issue as to any material fact and the plaintiffs are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Ford is estopped from denying the essential elements of his False Claims Act violation due to his earlier criminal conviction for the same transaction. See 31 U.S.C. Sec. 3731(d); cf. Appley v. West, 832 F.2d 1021, 1025 (7th Cir.1987) (collateral estoppel may be applied in civil trials to issues previously determined in a criminal conviction).
 
 
 5
 Accordingly, we affirm the district court's judgment pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.